IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PRESTON SHIIRA, | ) | Civil No. 14-00124 HG-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII; CHARLOTTE | ) | |
| YUEN; NANCY ANDRADE; CHARLENE | ) | |
| RAITHAUS; JOHN AND/OR JANE DOES | ) | |
| 1-10, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANTS STATE OF HAWAII, CHARLOTTE YUEN, NANCY ANDRADE, AND CHARLENE RAITHAUS' MOTION TO STRIKE (ECF No. 29)**

**and**

**GRANTING DEFENDANTS STATE OF HAWAII, CHARLOTTE YUEN, NANCY ANDRADE, AND CHARLENE RAITHAUS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 19)**

**and**

**DENYING PLAINTIFF PRESTON SHIIRA'S MOTION FOR SUMMARY JUDGMENT (ECF No. 21)**

**and**

**REMANDING PROCEEDINGS TO THE CIRCUIT COURT OF THE FIFTH CIRCUIT, STATE OF HAWAII**

Plaintiff Preston Shiira was incarcerated from January 2, 2011 until January 8, 2011, at Kauai County Correctional Center. Plaintiff brought prescribed medications with him when he turned

1

himself in for incarceration.

The Defendants are the State of Hawaii, and Defendants Charlotte Yuen, Nancy Andrade, and Charlene Raithaus, nurses employed by the Hawaii State Department of Public Safety. Plaintiff alleges the nurses violated the Eighth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiff asserts that the nurses were deliberately indifferent to his medical care while he was incarcerated because the nurses refused to provide him with his prescription medications.

Plaintiff's Complaint also asserts claims against the nurses for intentional infliction of emotional distress and negligence. Plaintiff claims the State of Hawaii was also negligent and negligently trained and supervised the Defendant nurses.

Plaintiff filed a Motion for Summary Judgment as to all of his claims.

Defendants filed a Motion for Partial Summary Judgment only as to Plaintiff's Section 1983 claim. Defendants also filed a Motion to Strike the Declaration of Daniel J. Fischberg, M.D., submitted in support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment.

Defendants' Motion to Strike (ECF No. 29) is **DENIED**.

Defendants' Motion for Partial Summary Judgment (ECF No. 19) is **GRANTED**.

Plaintiff's Motion for Summary Judgment (ECF No. 21) is **DENIED**.

Proceedings are **REMANDED** to the Circuit Court of the Fifth Circuit, State of Hawaii.

## PROCEDURAL HISTORY

On November 19, 2013, Plaintiff Preston Shiira filed a Complaint in the Circuit Court of the Fifth Circuit, State of Hawaii. (Complaint, attached as Ex. A. to Defendants' Notice of Removal, ECF No. 1-1).

On March 12, 2014, Defendants State of Hawaii, Charlotte Yuen, Nancy Andrade, and Charlene Raithaus removed the state court action to the United States District Court, District of Hawaii. (ECF No. 1).

On March 18, 2015, Defendants filed DEFENDANTS STATE OF HAWAII, CHARLOTTE YUEN, NANCY ANDRADE, AND CHARLENE RAITHAUS' MOTION FOR PARTIAL SUMMARY JUDGMENT and their CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT. (ECF Nos. 19, 20).

Also on March 18, 2015, Plaintiff filed PLAINTIFF PRESTON SHIIRA'S MOTION FOR SUMMARY JUDGMENT and his CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. (ECF Nos. 21, 22).

On April 14, 2014, Defendants filed DEFENDANTS STATE OF

HAWAII, CHARLOTTE YUEN, NANCY ANDRADE, AND CHARLENE RAITHAUS'
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT along with their CONCISE STATEMENT OF MATERIAL FACTS IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. (ECF Nos.
25, 26).

Also on April 14, 2014, Plaintiff filed PLAINTIFF PRESTON
SHIIRA'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR
(PARTIAL) SUMMARY JUDGMENT along with his CONCISE STATEMENT OF
MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR (PARTIAL)
SUMMARY JUDGMENT. (ECF Nos. 27, 28).

On April 16, 2015, Defendants filed DEFENDANTS STATE OF
HAWAII, CHARLOTTE YUEN, NANCY ANDRADE, AND CHARLENE RAITHAUS'
MOTION TO STRIKE DECLARATION OF DANIEL J. FISCHBERG, M.D. (ECF
No. 29). Defendants also filed an Ex Parte Motion to Shorten
Time to Hear its Motion to Strike. (ECF No. 30).

On April 20, 2015, the Court granted Defendants' Ex Parte
Motion to Shorten Time to Hear its Motion to Strike. (ECF No.
31). The Court set Defendants' Motion to Strike for hearing at
the same time as the Parties' Motions for Summary Judgment.
(Id.)

On April 28, 2015, Defendants filed DEFENDANTS STATE OF
HAWAII, CHARLOTTE YUEN, NANCY ANDRADE, AND CHARLENE RAITHAUS'
REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY
JUDGMENT. (ECF No. 32).

4

Also on April 28, 2015, Plaintiff filed PLAINTIFF PRESTON SHIIRA'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. (ECF No. 33).

On the same date, Plaintiff filed PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF DANIEL J. FISCHBERG, MD. (ECF No. 34).

On May 13, 2015, a hearing on was held on Defendants' Motion for Partial Summary Judgment (ECF No. 19), Plaintiff's Motion for Summary Judgment (ECF No. 21), and Defendants' Motion to Strike (ECF No. 29). (ECF No. 36).

## BACKGROUND

**Undisputed Facts**

Plaintiff Preston Shiira has a history of chronic back and shoulder pain. (Declaration of Preston Shiira ("Shiira Decl.") at ¶¶ 3-5, ECF No. 22-1; Declaration of Tony N. Trpkovski, M.D. ("Trpkovski Decl.") at ¶ 4, attached as Ex. 5 to Pla.'s Concise Statement of Facts, ECF No. 22-7).

On November 29, 2010, Plaintiff saw his treating physician, Dr. Tony N. Trpkovski. (Shiira Decl. at ¶ 9, ECF No. 22-1; Trpkovski Decl. at ¶ 6, ECF No. 22-7). Dr. Trpkovski had prescribed that Defendant take 4.5 milligrams of Percodan and 10 milligrams of methadone every six to eight hours, as needed, for pain. (Plaintiff's November 29, 2010 Medical Record at p. 2,

attached as Ex. 1 to Trpkovski Decl., ECF No. 22-7).

Plaintiff was incarcerated at the Kauai Community Correctional Center ("KCCC") from 6:00 p.m., on January 2, 2011, until 9:00 a.m. on January 8, 2011. (Shiira Decl. at ¶ 10, ECF No. 22-1; Inmate Records for Preston Shiira, attached as Def.'s Ex. A to Declaration of Lucy Sequeira, ECF No. 20-2). Defendant was examined by Defendant Nurses Nancy Andrade, Charlotte Yuen, and Charlene Raithaus four times between January 2, 2011 and January 5, 2011. (Inmate Records for Preston Shiira, at pp. 3, 5, 22-23, ECF No. 20-2).

Plaintiff brought a bottle of methadone tablets and a bottle of Percodan tablets prescribed by Dr. Trpkovski when he turned himself in to KCCC. (Id. at p. 2). Plaintiff was informed that he could not have his prescription medications while he was incarcerated at KCCC. (Id. at p. 3).

Nurse Nancy Andrade explained to Plaintiff that it was the policy of KCCC to place him in a drug withdrawal protocol program that would allow him to take over-the-counter medications for his pain. (Id.; see Department of Public Safety, Corrections Administration Policy and Procedures: Detoxification and Withdrawal, Pla.'s Ex. 3, ECF No. 22-5).

Plaintiff refused to participate in the withdrawal protocol program during intake at KCCC and he refused to sign the "Refusal to Consent to Medical/Surgical/Dental Treatment/ Medication"

6

Form.  (Inmate Records for Preston Shiira at p. 4, ECF No. 20-2;
Pla.'s Concise Statement of Facts at ¶ 9, ECF No. 28).

Defendant Nurses Andrade, Yuen, and Raithaus continued to
offer Plaintiff treatment consistent with the withdrawal protocol
program, including Ibuprofen, Tylenol, and antacids.  (Inmate
Records for Preston Shiira, at pp. 22-23, ECF No. 20-2;
Deposition of Nurse Practitioner Charlotte Yuen ("Yuen Depo.") at
pp. 42-49, ECF No. 22-3).

Plaintiff repeatedly declined the over-the-counter
medications offered to him, except for Ibuprofen and Tylenol.
(Inmate Records for Preston Shiira at pp. 5-6, 22-23, ECF No. 20-
2).  On January 4, 2011, Nurse Practitioner Yuen ordered 800
milligrams of Ibuprofen to be administered three times a day, as
needed.  (Id. at p. 6).  On January 5, 2011, Nurse Raithaus
provided Plaintiff with a packet of Tylenol tablets.  (Id. at p.
5).  Plaintiff was issued an additional 800 milligrams of
Ibuprofen on January 7, 2011.  (Id. at p. 22).

At 9:00 a.m., on January 8, 2011, Plaintiff was released
from KCCC.  (Id. at p. 1).

**Disputed Facts**

Plaintiff claims he experienced extreme nausea, vomiting,
and stomach pains while incarcerated.  (Shiira Decl. at ¶ 20, ECF
No. 22-1).  Plaintiff alleges that he could not sleep or walk

because of the pain.  (<u>Id.</u>)

Plaintiff also asserts that he complained to an unnamed
"sergeant" and asked to go to the hospital because he was in
extreme pain.  (<u>Id.</u> at ¶ 21).  Plaintiff alleges that the
sergeant said to him, "you don't go to the emergency room unless
you are dying or have broken bones and if you ask me again I will
put you in isolation."  (<u>Id.</u>).  Plaintiff claims that he remained
"in agony for the remainder of [his] incarceration."  (<u>Id.</u>)

## STANDARD OF REVIEW

**Motions to Strike Untimely Declarations**

The Scheduling Order issued pursuant to Federal Rule of
Civil Procedure 16 controls the course of litigation. Fed. R.
Civ. P. 16(b); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d
604, 608 (9th Cir. 1992).

The Scheduling Order contains deadlines for each stage of
the discovery process including the disclosure of witnesses and
experts to be used by the Parties.  Federal Rule of Civil
Procedure 26(a)(1)(A)(i) provides, "[a] party must, without
awaiting a discovery request, provide to the other parties, the
name, and if known, the address and telephone number of each
individual likely to have discoverable information–along with the
subjects of that information–that the disclosing party may use to
support its claims or defenses, unless the use would be solely

8

for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).

Federal Rule of Civil Procedure 26(a)(2)(A) states that "a party must disclose to the other parties the identity of any witness it may use at trial to present [expert testimony]." Fed. R. Civ. P. 26(a)(2)(A).

In addition to the disclosure requirement, Rule 26(a)(2)(B) provides that the expert disclosure must also include an expert report if the witness is specifically employed or retained to give expert testimony in the case. Fed. R. Civ. P. 26(a)(2)(B); Musser v. Gentiva Health Servs., 356 F.3d 751, 756-57 (7th Cir. 2004) ("Thus, *all* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A); only those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B).").

**Summary Judgment**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  Celotex, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

<u>Nidds</u>, 113 F.3d at 916 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party. <u>State Farm Fire & Casualty Co. v. Martin</u>, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); <u>Celotex</u>, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); <u>T.W. Elec. Serv.</u>, 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); <u>Gasaway v. Northwestern Mut. Life Ins. Co.</u>, 26 F.3d 957, 959-60 (9th Cir. 1994). When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993); <u>see</u> <u>also</u> <u>National Steel Corp. v. Golden Eagle Ins. Co.</u>, 121 F.3d 496, 502 (9th Cir. 1997).

## <u>ANALYSIS</u>

**I.   Defendants' Motion to Strike (ECF No. 29)**

Federal Rule of Civil Procedure 26(a) requires the parties

to provide the name of each individual likely to have discoverable information along with the subjects of that information, unless the use would be solely for impeachment. Fed. R. Civ. P. 26(a)(1)(A)(i).  The parties must also disclose the identity of any expert witnesses.  Fed. R. Civ. P. 26(a)(2)(A).

A party that fails to make a timely disclosure required by Rule 26(a), "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial" unless it proves that its failure was "substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); <u>Torres v. Los Angeles</u>, 548 F.3d 1197, 1213 (9th Cir. 2008).

The Court evaluates whether a late disclosure is substantially justified or harmless by considering: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. <u>Lanard Toys Ltd. v. Novelty, Inc.</u>, 375 Fed. Appx. 705, 713 (9th Cir. 2010).

Defendants State of Hawaii, Charlotte Yuen, Nancy Andrade, and Charlene Raithaus seek to strike the Declaration from Daniel J. Fischberg, M.D., that was filed by Plaintiff on April 14, 2015, in support of his Opposition to Defendants' Motion for

Partial Summary Judgment. (Declaration of Daniel J. Fischberg ("Fischberg Decl.") at ECF No. 27-1). Defendants contend that the Fischberg Declaration was provided after the deadlines for expert witnesses provided in the Rule 16 Scheduling Order. Defendants request that the Court strike the Declaration of Dr. Fischberg pursuant to Federal Rule of Civil Procedure 37(c).

The Rule 16 Scheduling Order, as amended, provided the following deadlines:

| | | |
|---|---|---|
| February 2, 2015 | – | Deadline for Plaintiff's disclosure of expert reports |
| March 4, 2015 | – | Deadline for Defendants' disclosure of expert reports |
| April 3, 2015 | – | Deadline for Plaintiff's rebuttal expert reports |

(Amended Rule 16 Scheduling Order, ECF No. 14).

On March 4, 2015, Defendants provided Plaintiff with the expert report of J. Marc Rosen, M.D. (ECF No. 18).

On April 14, 2015, forty-one days after Defendants filed their expert report, Plaintiff filed Dr. Fischberg's Declaration as rebuttal to Dr. Rosen's report. (ECF No. 27-1).

Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report. Lindner v. Meadow Gold Dairies, Inc., 249 F.R.D. 625, 636 (D. Haw. 2008); Fed. R. Civ. P. 26(a)(2)(D)(ii). Rebuttal evidence must be filed within 30 days after the other party's disclosure unless otherwise ordered by the Court. Fed. R. Civ. P.

13

26(a)(2)(D)(ii).

Dr. Fischberg's Declaration constitutes proper rebuttal evidence. Dr. Fischberg's Declaration contradicts the expert opinion of Defendants' expert, Dr. Rosen. Plaintiff filed Dr. Fischberg's Declaration eleven days after the deadline provided in the Rule 16 Scheduling Order.

There is no evidence that Defendants have been prejudiced by the eleven-day delay in Plaintiff's filing of his expert rebuttal evidence. Defendants have had the opportunity to file a Reply to Plaintiff's filing and have been able to address the contentions made by Plaintiff's expert.

Plaintiff's disclosure of Dr. Fischberg's Declaration will not disrupt trial because Dr. Fischberg will not be called at trial. Plaintiff stated in his Opposition to Defendants' Motion to Strike that Dr. Fischberg will be used solely to respond to Defendants' Motion for Partial Summary Judgment. (Opposition at p. 2, ECF No. 34).

There is no evidence that Plaintiff intentionally waited to disclose the Declaration of Dr. Fischberg or otherwise engaged in bad faith by disclosing the Declaration as part of his Opposition to Defendant's Motion for Partial Summary Judgment.

The Court finds that Plaintiff's disclosure of the Declaration of Dr. Fischberg after the deadline provided in the Rule 16 Scheduling Order was harmless. Lanard Toys Ltd., 375

14

Fed. Appx. at 713.

Defendants' Motion to Strike (ECF No. 29) is **DENIED**.

## II. Defendants Charlotte Yuen, Nancy Andrade, and Charlene Raithaus Did Not Violate Plaintiff's Rights Under the United States Constitution Pursuant to 42 U.S.C. § 1983

A plaintiff may challenge actions by government officials that violate the United States Constitution, pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Section 1983 does not create any substantive rights. Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 978 (9th Cir. 2004).

To succeed on a Section 1983 claim, a plaintiff must establish that a right secured by the Constitution or laws of the United States was violated and that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The first cause of action in Plaintiff's Complaint asserts violations of the Eighth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 against the

Defendants Charlotte Yuen, Nancy Andrade, and Charlene Raithaus, nurses for the State of Hawaii Department of Public Safety.[1]

Plaintiff claims the Defendant nurses were acting under color of state law when they refused to provide him with his prescription medications. (Complaint, attached as Ex. A to Defendants' Notice of Removal, at ¶¶ 24-26, ECF No. 1-1).

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Clouthier v. County of Contra Costa et al., 591 F.3d 1232, 1241-42 (9th Cir. 2010) (applying the deliberate indifferent standard to violations of the Fourteenth Amendment alleging a failure to address the medical needs of an incarcerated individual). An individual is liable for such a violation only when the individual is deliberately indifferent to the prisoner's serious medical needs. Estelle, 429 U.S. at 104; Jett v. Penner, 439 F.3d 1091, 1096

---

[1] Plaintiff does not bring a cause of action against the Defendant State of Hawaii pursuant to the United States Constitution or Section 1983. Plaintiff states in his Reply that his first cause of action is "against only the individual Defendants in their individual capacities under 42 U.S.C. § 1983." (Reply at p. 2, ECF No. 33). Plaintiff is unable to bring his first cause of action against the State of Hawaii, because a "State" is not a person and may not be sued pursuant to 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Plaintiff specifies in his Reply that he only brings negligence claims against the Defendant State of Hawaii.

(9th Cir. 2006).

The Ninth Circuit Court of Appeals has developed a two-part test to analyze deliberate indifference.  <u>Jett</u>, 439 F.3d at 1096.

First, the plaintiff must show a "serious medical need" by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  <u>Id.</u>

Second, the plaintiff must show the defendant's response to his serious medical need was deliberately indifferent.  <u>Id.</u>

### 1.  Plaintiff Had a Serious Medical Need

The record establishes that treatment of Plaintiff's pain was a serious medical need when he was incarcerated at the Kauai Community Correctional Center ("KCCC") from January 2, 2011 until January 8, 2011.

Plaintiff had been prescribed methadone and Percodan to treat his chronic back and shoulder pain.  (Trpkovski Decl. at ¶ 6, ECF No. 22-7; Plaintiff's November 29, 2010 Medical Record at p. 2, attached as Ex. 1 to Trpkovski Decl., ECF No. 22-7; Report from J. Marc Rosen, M.D. ("Report of Dr. Rosen"), attached as Ex. A to Def.'s Opposition, at p. 2, ECF No. 26-1).

Plaintiff's chronic pain condition was sufficient to establish that he had a serious medical need.  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992).

**2. Defendants Charlotte Yuen, Nancy Andrade, and Charlene Raithaus Did Not Act With Deliberate Indifference to Plaintiff's Medical Needs**

The second prong of a deliberate indifference claim is satisfied by showing a purposeful act or failure to respond to a prisoner's pain or medical need and that harm was caused by the indifference. <u>Jett</u>, 439 F.3d at 1096. The prison official must not only be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, but the person must also draw the inference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). This subjective approach focuses only on what a defendant's mental attitude actually was. <u>Id.</u> at 839.

Mere indifference, medical malpractice, or negligence will not establish a constitutional violation. <u>Frost v. Agnos</u>, 152 F.3d 1124, 1130 (9th Cir. 1998); <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980).

**A. The Defendant Nurses Did Not Act With Deliberate Indifference When They Examined Plaintiff and Provided Him With Over-the-Counter Medication**

The Parties agree that Plaintiff was examined four times by the Defendant nurses between January 2, 2011 and January 5, 2011. Plaintiff was first examined by Nurse Andrade at 7:45 p.m., on January 2, 2011, when he turned himself in to serve a six and a half day sentence at KCCC. (Inmate Records for Preston Shiira at

18

p. 3, ECF No. 20-2). Plaintiff told Nurse Andrade that he took methadone and Percodan every day for his shoulder and back pain. (Id.; see Medical/Dental Health Intake SCR form Doc. 0498, Pla.'s Ex. 4 at pp. 9-10, ECF No. 22-6). Nurse Andrade informed Plaintiff that he could not have his prescription medications while he was incarcerated at KCCC. (Inmate Records for Preston Shiira at p. 3, ECF No. 20-2).

J. Marc Rosen, M.D., physician for the State of Hawaii Department of Public Safety, explained that the medical decision was made to discontinue the use of Plaintiff's prescription medication with protocols in place to monitor Plaintiff's condition. (Report of Dr. Rosen at p. 2, ECF No. 26-1).

Nurse Andrade told Plaintiff that the withdrawal protocol program would allow him to take antacids, Benadryl, Tylenol, Sudafed, and Ibuprofen for his pain and to alleviate potential withdrawal symptoms. (Inmate Records for Preston Shiira at p. 3, ECF No. 20-2; Medication Sheet & Administrative Record for Preston Shiira at KCCC, Def.'s Ex. A at pp. 22-23, ECF No. 20-2).

Plaintiff acknowledges that Nurse Andrade followed the policy of the KCCC and offered Defendant treatment pursuant to the KCCC withdrawal protocol program. (Shiira Decl. at ¶ 12, ECF No. 22-1). Plaintiff does not dispute that at intake he refused treatment, and subsequently declined medications other than Ibuprofen and Tylenol. (Id. at ¶¶ 12, 14; Def.'s Concise

19

Statement of Facts ¶ 9, ECF No. 28; Inmate Records for Preston
Shiira at pp. 3, 22-23, ECF No. 20-2).

Plaintiff was examined a second time, approximately 36 hours
after his intake, at 9:00 a.m., on January 4, 2011. (Yuen Depo.
at pp. 35-36, ECF No. 22-3). Plaintiff was examined by Nurse
Practitioner Yuen. (Id.) Plaintiff explained his medical
history to Nurse Practitioner Yuen and requested his prescription
medications for pain. (Shiira Decl. at ¶¶ 17-18, ECF No. 22-1).
Nurse Practitioner Yuen did not provide Plaintiff with his
prescription medications. (Id.) Plaintiff states in his
Declaration that Nurse Practitioner Yuen informed him that he
could have Ibuprofen or Tylenol. (Id.) Plaintiff's medical
records state that Nurse Practitioner Yuen ordered 800 milligrams
of Ibuprofen, three times per day, as needed. (Inmate Records
for Preston Shiira at pp. 5-6, ECF No. 20-2).

Plaintiff complained of pain in the evening of January 4,
2011, and was examined for a third time. (Inmate Records for
Preston Shiira at p. 5, ECF No. 20-2). Plaintiff complained that
his stomach hurt and that he had a fever. (Id.) The medical
records reflect that Nurse Andrade took Plaintiff's temperature
and recorded that he did not have a fever. (Id.). Nurse Andrade
wrote that she offered Plaintiff antacids to address his stomach
pain. (Id.) Nurse Andrade wrote in Plaintiff's medical records
that she called the on-call doctor regarding Plaintiff. (Id.)

Approximately twelve hours later, on the morning of January 5, 2011, Plaintiff was examined a fourth time. (Id.) Plaintiff complained that he was not feeling well and that he was shaking. (Yuen Depo. at p. 44, ECF No. 22-3). Defendant Nurse Charlene Raithaus examined Plaintiff. (Inmate Records for Preston Shiira at p. 5, ECF No. 20-2). Nurse Raithaus offered Plaintiff antacids as part of the withdrawal protocols set in place for Plaintiff's treatment. (Id.) Nurse Raithaus wrote in Plaintiff's records that Plaintiff refused the antacids but that she issued him Tylenol tablets. (Id.)

Plaintiff states that he was not seen by Nurse Practitioner Yuen, Nurse Andrade, Nurse Raithaus after January 5, 2011. (Defendant's Concise Statement of Facts ¶ 29, ECF No. 28). Plaintiff's medical records demonstrate that on January 7, 2011, KCCC staff provided him with 800 milligrams of Ibuprofen. (Inmate Records for Preston Shiira at p. 22, ECF No. 20-2).

Plaintiff claims that he suffered vomiting, nausea, and pain while incarcerated. (Shiira Decl. at ¶¶ 19-20, 24, ECF No. 22-1).

Construing the record in a light most favorable to Plaintiff, there is no evidence that Nurse Andrade, Nurse Practitioner Yuen, or Nurse Raithaus purposefully acted with a conscious disregard that an excessive risk of harm to Plaintiff existed. Farmer, 511 U.S. at 837.

21

Deliberate indifference is a high standard that requires an inquiry into the defendant's state-of-mind. See Wilson v. Seiter, 501 U.S. 294, 299-301 (1991). The prison official must be aware of the plaintiff's serious medical need and infer that a substantial risk of harm exists in order for a plaintiff to prevail on a deliberate indifference claim. Farmer, 511 U.S. at 837. Plaintiff does not dispute that the Defendant nurses offered him treatment. They examined him on four occasions and offered him over-the-counter medications rather than his prescription medications. There is no evidence that the Defendant nurses believed that following the KCCC withdrawal protocol would cause an excessive risk of harm that rises to the level of cruel and unusual punishment. None of the health care providers at KCCC purposefully ignored or failed to respond to Plaintiff's medical needs.

**B.    The Defendant Nurses' Failure to Provide Plaintiff With His Prescription Medications Does Not Rise to the Level of Deliberate Indifference**

The Ninth Circuit Court of Appeals has explained that in order to prevail on a deliberate indifference claim the plaintiff must show that the course of treatment by the prison official was medically unacceptable under the circumstances and that the prison official chose the course in conscious disregard of an excessive risk to plaintiff's health. Jackson v. McIntosh, 90

F.3d 330, 332 (9th Cir. 1996).

Plaintiff asserts that the failure of the Defendant nurses to provide him with his prescription medications rises to the level of deliberate indifference. Plaintiff provided declarations from his physician Dr. Trpkovski and from Daniel J. Fischberg, M.D. in support of his claim. The declarations from Dr. Trpkovski and Dr. Fischberg state that they would have recommended continuing Plaintiff's prescription medications to manage his pain and that they disagree with the prison officials' alternative course of treatment. (Trpkovski Decl. at ¶¶ 9-12, ECF No. 22-7; Fischberg Decl. at ¶¶ 6-9, ECF No. 27-1).

The opinions of Dr. Trpkovski and Dr. Fischberg do not establish that the Defendant nurses were deliberately indifferent to Plaintiff's needs as a matter of law. The Declarations reflect a difference of medical opinion. A plaintiff's showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient as a matter of law to establish deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (citing Jackson, 90 F.3d at 332)).

United States District Courts considering claims similar to Plaintiff have routinely found that providing over-the-counter medication instead of narcotic pain medication is not a basis for an Eighth Amendment claim pursuant to Section 1983. Jackson v.

<u>Multnomah Cnty.</u>, 2013 WL 428456 at *6 (D. Or. Feb. 4, 2013) (providing Tylenol instead of narcotic pain medication is not a basis for an Eighth Amendment claim); <u>Salvatierra v. Connolly</u>, 2010 WL 5480756 at *19-20 (S.D.N.Y. Sept. 1, 2010) (providing Ibuprofen instead of Percocet does not deprive an inmate of one of life's necessities); <u>Fields v. Roberts</u>, 2010 WL 1407679 at *4 (E.D. Cal. April 7, 2010) (refusing to prescribe narcotic pain medication even when recommended by an outside doctor is a difference of medical opinion and not a basis for an Eighth Amendment claim).

Plaintiff's disagreement as to the course of treatment provided does not rise to the level of deliberate indifference. <u>Toguchi</u>, 391 F.3d at 1059-60.

Defendants' Motion for Partial Summary Judgment as to Count I is **GRANTED**.

Plaintiff's Motion for Summary Judgment as to Count I is **DENIED**.

## III. Plaintiff's Section 1983 Claims Against Defendants Charlotte Yuen, Nancy Andrade, and Charlene Raithaus Are Barred By Qualified Immunity

As an alternative basis for summary judgment, the Defendant nurses contend that they are entitled to qualified immunity. The doctrine of qualified immunity shields public officials performing discretionary functions from personal liability

24

unless: (1) their conduct violated a statutory or constitutional right and (2) the right was clearly established at the time of the challenged conduct.  Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2080 (2011) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

The qualified immunity doctrine balances the need to hold public officials accountable and the need to shield them from liability when they act reasonably in performing their duties. Pearson v. Callahan, 555 U.S. 223, 231 (2009).

A plaintiff seeking damages for a violation of constitutional or statutory rights bears the initial burden of proving that the rights allegedly violated were clearly established at the time of the alleged misconduct.  Houghton v. South, 965 F.2d 1532, 1534 (9th Cir. 1992).  For the right to be clearly established, it must be sufficiently clear that every reasonable official would have understood that what she is doing violates that right.  al-Kidd, 131 S.Ct. at 2083.  If an official reasonably believed that her conduct was lawful, qualified immunity applies.  Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008).

Defendant Nurses Andrade, Yuen, and Raithaus are entitled to qualified immunity.  Plaintiff has not established that the Defendant nurses violated a clearly established constitutional right.  Plaintiff did not have a clearly established right to

25

receive more medical treatment than was given by the Defendant nurses.  The State has that responsibility to address the serious medical needs of prisoners but it extends only to providing the adequate medical care necessary under the circumstances. Estelle, 429 U.S. at 105; Provencio v. Vazquez, 258 F.R.D. 626, 636 (E.D. Cal. 2009).

None of the Defendant nurses knowingly violated Plaintiff's constitutional rights.  Plaintiff was examined by the Defendant nurses on four occasions and was offered medications pursuant to the KCCC withdrawal protocol policy.  There was no basis for a reasonable medical staff member to believe that following the KCCC protocol and offering Plaintiff over-the-counter medications rather than his prescriptions would violate a clearly established right.  Jackson, 2013 WL 428456 at *6; Salvatierra, 2010 WL 5480756 at *20; Fields, 2010 WL 1407679 at *4.  Defendant Nurses Andrade, Yuen, and Raithaus are entitled to qualified immunity with respect to Plaintiff's Section 1983 claim.

## IV.  Plaintiff's Remaining State Law Causes of Action

Plaintiff requests summary judgment on all the claims provided in his Complaint but his Motion only addresses Count I in his Complaint.  The Motion does not address Counts II, III, IV, and V for intentional infliction of emotional distress, negligence, negligence against superior/agency, and negligent

training, supervision, and/or discipline.  (See Plaintiff's
Motion for Summary Judgment at pp. 5-12, ECF No. 21-2).
Plaintiff has not established that he is entitled to summary
judgment on these claims.

Plaintiff's Motion for Summary Judgment as to Counts II,
III, IV, and V is **DENIED**.

Pursuant to 28 U.S.C. § 1447(c), a case shall be remanded if
at any time before final judgment it appears that the district
court lacks subject matter jurisdiction.  There are no federal
question causes of action remaining and there is no diversity
jurisdiction in this case.

The Court declines to exercise supplemental jurisdiction
over Plaintiff's remaining state law causes of action.  Albingia
Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 936 (9th
Cir. 2003) (amended on other grounds in 350 F.3d 916).

The case is remanded to the Circuit Court of the Fifth
Circuit, State of Hawaii.

## CONCLUSION

Defendants' Motion to Strike (ECF No. 29) is **DENIED**.

Defendants' Motion for Partial Summary Judgment (ECF No. 19)
is **GRANTED.**

Plaintiff's Motion for Summary Judgment (ECF No. 21) is
**DENIED.**

The case and all files herein are **REMANDED** to the Circuit Court of the Fifth Circuit, State of Hawaii for further proceedings.

IT IS SO ORDERED.

Dated:    May 28, 2015, Honolulu, Hawaii.



_/s/ Helen Gillmor_

Helen Gillmor
United States District Judge

Preston Shiira v. State of Hawaii; Charlotte Yuen; Nancy Andrade; Charlene Raithaus; John and/or Jane Does 1-10, Civil No. 14-00124HG-KSC; **ORDER DENYING DEFENDANTS STATE OF HAWAII, CHARLOTTE YUEN, NANCY ANDRADE, AND CHARLENE RAITHAUS' MOTION TO STRIKE (ECF No. 29) and GRANTING DEFENDANTS STATE OF HAWAII, CHARLOTTE YUEN, NANCY ANDRADE, AND CHARLENE RAITHAUS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 19) and DENYING PLAINTIFF PRESTON SHIIRA'S MOTION FOR SUMMARY JUDGMENT (ECF No. 21) and REMANDING PROCEEDINGS TO THE CIRCUIT COURT OF THE FIFTH CIRCUIT, STATE OF HAWAII**